UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>D. MORALES, *et al.*,<br><br>Defendants. | No. 1:24-cv-01402-KES-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S CONSTRUED MOTION FOR RECONSIDERATION<br><br>Doc. 11 |

Plaintiff Charles Ellis, a state prisoner and former county jail inmate, proceeded *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Ellis sought to hold defendants liable for failure to protect and failure to provide medical care. *See generally* Doc. 1.

**I.    Background**

Ellis initiated this action on November 15, 2024.  Doc. 1.  The magistrate judge screened the complaint and directed Ellis to file a first amended complaint or notice of voluntary dismissal within 30 days.  Doc. 6.  On April 20, 2025, the Screening Order was returned as "Undeliverable, Not in Custody."  Ellis failed to file a timely change of address in compliance with Local Rule 183(b) or otherwise communicate with the Court.

On June 9, 2025, the magistrate judge issued findings and recommendations that recommended dismissal of the action, without prejudice, for Ellis' failure to prosecute.  Doc. 8.

1

The findings and recommendations were also returned as "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward." On July 2, 2025, the Court adopted the findings and recommendations in full, and dismissed this action without prejudice, for failure to prosecute and failure to obey a court order. Doc. 9. The Clerk of Court entered judgment on the same date. Doc. 10. On July 16, 2025, the Court's dismissal order and the judgment were returned as "Undeliverable, Not Deliverable as Addressed; Unable to Forward."

On April 20, 2026, Ellis requested filed a letter requesting that the Court "allow this case to go forward." Doc. 11 at 1. The Court construes this letter as a motion for reconsideration of the dismissal order.

## II.     Request for Reconsideration

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court, and permits a district court to relieve a party from a final order or judgment "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Ellis states he "just found out" that the Court attempted to mail documents to him. *Id.* at 1. He explains that he "recently was on the law library computer" and saw that "no change of address was received so [his] mail was returned." *Id.* Ellis asserts that he sent a change of address when he was transferred to prison from jail. He claims that he was "not informed or had

2

any knowledge that [his] change of address was not received" and all this time he thought that the Court had just simply not responded or was not ready to move forward on the case. *Id.* Ellis asks the Court to accept his opposition to dismissal and to allow this case to go forward. *Id.*

Ellis' motion does not provide a basis for relief under Rule 60. As the Court previously explained, Ellis was obligated to keep the Court informed of his current mailing address. Local Rule 183(b). Although Ellis asserts that he mailed a change of address form, there is no information regarding the transfer date or when he may have mailed the form, and there is no basis on which the Court could find that this occurred before the dismissal or within the 30-day period required under Local Rule 183(b). Ellis also fails to provide an adequate explanation regarding his lack of communication with the Court since the filing of this action in November 2024. Ellis does not identify clear error or manifest injustice in the Court's final order dismissing this action.

**III.    Conclusion**

Based upon the foregoing, the Court ORDERS:

1.    Plaintiff's motion for reconsideration is DENIED without prejudice.

2.    This action SHALL remain closed.

IT IS SO ORDERED.

Dated:    June 4, 2026

UNITED STATES DISTRICT JUDGE

3